UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JEFFREY ISAACS, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 1:17-cv-11221-FDS |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO AMEND OR ALTER THE JUDGMENT**

Plaintiff, Jeffrey Isaacs, M.D., respectfully submits, pursuant to Federal Rule 59(e), this Motion to Amend or Alter the Judgment entered by the Court dismissing this case on March 11, 2019.[1] On March 8, 2019, the Court signed a Memorandum and Order on Motion to Affirm and Motion to Reverse Agency Decision ("Court's Memorandum") and issued the Memorandum on March 11, 2019. The Court's Memorandum explained the bases for the Court denying Dr. Isaacs' Motion to Reverse the Agency Decision and affirming Defendant U.S. Department of Education's ("DOE") Motion to Affirm the Agency Decision. The Memorandum, however, in addressing the Keck School of Medicine disclosure issue and affirming the agency's decision, was partially based on an error about the documents considered by the New Hampshire Board. Relating to the head injury aspect of Dr. Isaacs' applications, the Court failed to recognize that a key factor ignored by the agency – the acknowledgement of Dartmouth-Hitchcock and

---

[1] Undersigned counsel inadvertently miscalculated the date that this Motion was due by one day. Ten days after the Order dismissing the case was March 21, 2019, and counsel mistakenly had the due date in his calendar identified as March 22. Accordingly, concurrently with this Motion, Dr. Isaacs is filing a Consent Motion for Leave to file this Motion one day late.

Dartmouth that Dr. Isaacs suffered from a disability that severely affected his performance. For these reasons, the Judgment should be altered or amended in order to reverse the Department of Education's denial of Dr. Isaacs' loan discharge applications.

## ARGUMENT

**I.    Standard of Review**

Courts assess Rule 59(e) motions under the standards applicable to motions for reconsideration. *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 165 n.9 (1st Cir. 2004). In this Circuit, "reconsideration is warranted only when: (1) the moving party presents newly discovered evidence that is material to the court's decision; (2) there has been an intervening change in the law; or (3) the earlier decision was based on a manifest error of law or was clearly unjust." *Goldman v. United States*, 2019 U.S. Dist. LEXIS 39116, *13 (D. Mass. March 12, 2019) (citing *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009)). A Rule 59(e) motion is not a vehicle to raise arguments that could have been asserted previously or that have been asserted and rejected by the Court. *Goldman*, 2019 U.S. Dist. LEXIS 39116, at *13 (citing *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006)).

**II.   No Basis Exists For Concluding That DOE Considered the Language In One of the Keck Settlement Agreements**

After generally noting that the DOE's reasoning contained in its letter to Dr. Isaacs containing was "perhaps sparse," Memorandum at 12, the Court upheld the DOE's denial of the part of Dr. Isaacs' application addressing the Keck School of Medicine circumstances because the Court could "'reasonably discern'" that DOE "did not ignore relevant evidence or fail to consider key issues concerning Keck expulsion." *Id.* at 14. The Court then noted that DOE stated it considered "medical board documentation," accepted that such documentation

referenced the Board of Medicine proceeding, and stated that the Board of Medicine reviewed "the language of the Keck settlement agreements." Memorandum at 16.

The Court's statement that the Board of Medicine reviewed the Keck "settlement agreements" is incorrect. The Board of Medicine reviewed only one of the settlement agreements, after the counsel to the Board failed to provide the other agreement to the Board, despite him having received it from Dr. Isaacs. That agreement included a paragraph entitled "Sealing of Disciplinary Records" and barred the release or disclosure of Dr. Isaacs' disciplinary records. AR 000032. The Board never considered this document.

The Court's quotations from the Board of Medicine Decision illustrate that the Board did not have this second settlement agreement. The second bullet point on page 14 of the Court's Memorandum contains a quotation from the Board of Medicine Decision stating that "there is no provision in [the settlement agreement] 'sealing the disciplinary records.'" If the Board had seen the second settlement agreement, which devotes an entire paragraph to sealing of Dr. Isaacs' disciplinary records, it would not have made this claim. Accordingly, when the Court stated in its Memorandum that DOE "specifically considered the Board of Medicine's findings surrounding the basis for revoking his license and the effect of the Keck settlement agreements," the Court was incorrect. Indeed, there is no basis for "discerning" or otherwise finding that, at the very least, DOE considered this other settlement agreement.

This sealing of the disciplinary records in this settlement agreement was a key basis for Dr. Isaacs' omission of Keck on the relevant form, based at least partially on his attorney's advice (another relevant fact that DOE did not consider), The language of this settlement, in turn, was a key factor that DOE apparently ignored, as it specifically referenced the Medical Board Decision to support its denial.

More important, the Court relied on DOE's statement about the "medical board documentation" to reasonably discern that DOE considered the language of both settlement agreements. Given that the Board did not do so, there is no basis to conclude that DOE considered the language of *both* agreements. Accordingly, the Court's reliance on DOE's reference to the Board proceedings was based on a mistaken premise.

DOE's failure to consider the language of one of the settlements upon which Dr. Isaacs, and his attorney, relied to support his not disclosing Keck demonstrates that DOE failed to incorporate a key issue in its consideration of his discharge application raising this issue. The DOE's decision in this respect should be reversed.

### III.    Neither DOE Nor the Court Considered or Cited the Federal Court Decision in Which Dr. Isaacs' Disability Was Undisputed on Summary Judgment

In assessing DOE's consideration of the head injury issue, the Court acknowledged that the one sentence that the DOE devoted this issue was "somewhat bare." Memorandum at 15. Nevertheless, the Court inferred that DOE had examined the medical records that Dr. Isaacs had submitted and "reached the very plausible conclusion" that his head injury was not a legal bar to his employment as a physician. *Id.* The Court further concluded that DOE's claim that Dr. Isaacs' mental condition could make working as a physician difficult but not impossible represented the "basis" for that conclusion. *Id.*

Notwithstanding that this "basis" raises more questions than it answers, there is no basis for concluding that DOE considered the summary judgment order in *Isaacs v. Dartmouth-Hitchcock Med. Ctr.*, 2014 U.S. Dist. LEXIS 54183 (D.N.H. April 18, 2014), a decision raised by Dr. Isaacs. AR 000041, 000327. This Order reflected that both Dartmouth Hitchcock Medical Center and Dartmouth offered undisputed facts that Dr. Isaacs fulfilled the disability element of his Americans with Disabilities Act claim. *Id*. at **18, 45  Dartmouth went so far as

to assert that Dr. Isaacs could not keep up with is regular workload because of his disability. *Id.* at *45.

That a Federal District Court issued a summary judgment order in which two of the defendants did not dispute the existence of Dr. Isaacs' disability was a key fact offered by Dr. Isaacs in support of his applications and ignored by DOE. The Court never mentioned this Order, and obviously did not find any basis for DOE considering this Order in making its determination.

Not only did DOE apparently not consider the Order, the Order contradicts DOE's conclusion that it was "difficult" but not "impossible" for Dr. Isaacs to pursue a medical career. Rather, at least for purposes of the District Court case, the entities closest to Dr. Isaacs during his residency acknowledged a disability existed, and the disputed issue was the accommodation. DOE's failure to consider this key issue renders its decision relating to the head injury issue fundamentally flawed. *See Boston Redevelopment Auth. v. National Park Serv.,* 838 F.3d 42, 47 (1st Cir. 2016) (agency action is arbitrary and capricious when agency fails to consider important aspects of the issue). The Court's Order dismissing this case should be reversed on this aspect of the DOE's decision as well.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion to Amend or Alter the Judgment and further grant Plaintiff's Motion to Reverse the Agency Decision.

    Respectfully submitted,

    Jeffrey Isaacs, M.D.

    By his attorney,

Dated:  March 22, 2019                               /s/ *Mark L. Josephs*
                                                     Mark L. Josephs
                                                     Bar No. 568454
                                                     Law Office of Mark Josephs, LLC
                                                     10 Derne Street
                                                     Boston, MA  02114
                                                     (857) 250-4998
                                                     mark.josephs@markljosephslaw.com

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on March 22, 2019.

/s/ Mark L. Josephs
Mark L. Josephs